Joshua A. Turnidge
sid No. 13673172
TRCI
82911 Beach access rd.
Umatilla OR. 97882
Plaintiff, Pro se

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# PENDLETON DIVISION

Joshua A. Turnidge

Plaintiff                               **Case No. 2:25-cv-01435-MO**

VS.

Oregon Department of Corrections        **PLAINTIFF'S MOTION FOR**
et, al, Defendants                      **SUMMARY JUDGEMENT**

## PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

COMES NOW, Plaintiff, Joshua A. Turnidge, proceeding *pro se,* and respectfully moves this Honorable Court for Summary Judgement against Defendants Oregon Department of Corrections et al, in accordance with Rule 56 of the Federal Rules of Civil Procedure, on his claims under:

- The Eighth Amendment
- The Americans with Disabilities Act (42 U.S.C. § 12132)
- The Rehabilitation Act

- The Fourteenth Amendment

There is no genuine dispute of material fact and Plaintiff is entitled to judgment as a matter of law.

## I. MEMORANDUM IN SUPPORT

**STANDARD UNDER RULE 56**

1. Summary Judgment is appropriate where the record shows no genuine dispute of material fact and the movant is entitled to judgment as a matter of law.
2. Unlike the preliminary injunction stage addressed in the Court's January 29, 2026 Order, this motion is decided on a full evidentiary record – not likelihood of success.

## II. UNDISPUTED MATERIAL FACTS

3. Plaintiff is a military veteran with a medically documented diagnosis of PTSD.
4. PTSD substantially limits major life activities including sleep, neurological regulation, and stress response.
5. Defendants utilize two lighting systems:
    - Main cell lighting (33 lumens)
    - Security lighting (2.3 lumens)
6. Main lighting is activated daily at 6:00 a.m. and throughout the day during institutional movements and security checks.
7. Plaintiff has asserted sleep deprivation, insomnia, psychological harm, and suicidal ideation caused by lighting exposure.
8. Defendants have refused to provide individualized lighting accommodation.

## III. ARGUMENT

### A. EIGHTH AMENDMENT – DELIBERATE INDIFFERENCE

9. The Court previously relied on *Chappell V. Mandeville* to suggest constant lighting does not clearly violate the Eighth Amendment.

10. However, this case is distinguishable because:
    a. Plaintiff has a documented psychiatric disability (PTSD).
    b. The lighting's impact is not merely physical discomfort – it triggers psychiatric destabilization.
    c. Defendants were on notice of medical vulnerability.

11. Under *Farmer v. Brennan*, deliberate indifference exists where officials know of and disregard excessive risk to inmate health.

12. Here:
    a. PTSD is documented.
    b. Sleep deprivation is medically recognized as destabilizing for PTSD.
    c. Plaintiff reported suicidal ideation.
    d. Defendants refused accommodation.

13. This satisfies both objective and subjective prongs.

14. The Court's preliminary finding that lighting was not "incessant" does not resolve whether its use is constitutionally excessive as applied to a disabled inmate.

15. Constitutional analysis must be individualized.

### B. ADA AND REHABILITATION ACT

16. The Court previously held Plaintiff failed to show exclusion from a program.

17. This misapplies Ninth Circuit precedent.

18. Under Title II of the ADA, discrimination includes failure to provide reasonable accommodation.

19. Prison housing conditions constitute "services, programs, or activities."

20. Failure to modify lighting for a documented PTSD inmate constitutes:
    a. Denial of reasonable accommodation
    b. Discrimination by reasons of disability

21. The ADA does not require total exclusion from a program – it prohibits denial of meaningful access.

22. Sleep is a major life activity.

23. Lighting policy denies meaningful access to safe housing.

## C. REHABILITATION ACT

24. Because Defendants receive federal funding, the Rehabilitation Act applies.

25. Rehabilitation Act claims mirror ADA claims.

26. Deliberate refusal to accommodate a documented psychiatric disability satisfies discrimination under R.A.

## D. EQUAL PROTECTION

27. While mental illness is not a suspect class, irrational refusal to accommodate known medical vulnerability violates equal protection under rational basis review.

28. Security goals can be met through:
    a. Dimmer filters
    b. Timed activation limits

      c. Alternative light shielding

      d. Relocation of Plaintiff to a facility that does not employ the offending light equipment, policy, and procedures.

29. Defendants presented no evidence individualized accommodation would threaten security.

30. Thus, refusal is arbitrary.

### E. IRREPARABLE HARM ANALYSIS IS NOT CONTROLLING

31. The Court's prior Order addressed irreparable harm under the *Winter* standard.

32. Summary judgment does not require irreparable harm – only constitutional violation.

33. Evidence of:

      a. Sleep deprivation

      b. Psychological harm

      c. Suicidal ideation

34. Establishes injury.

## IV. NO GENUINE DISPUTE EXISTS

35. Defendants do not dispute:

      a. Plaintiff has PTSD.

      b. Lighting is used as described.

      c. No accommodation was provided.

36. The dispute is purely legal: whether those facts constitute constitutional and statutory violations. They do.

Page 5 of 6

JOSHUA A. TURNIDGE v. ODOC et al,
CASE No. 2:25-cv-01435-MO
MOTION FOR SUMMERY JUDGEMENT

## V.    REQUEST FOR RELIEF

37. Plaintiff respectfully requests that this Court:

    a.  Grant summary judgment in Plaintiff's favor.

    b.  Declare Defendant's lighting practices unconstitutional as applied to Plaintiff.

    c.  Order reasonable ADA accommodation.

    d.  Award appropriate injunctive and declaratory relief.

    e.  Grant any further relief deemed proper.

Respectfully submitted

February 24th 2026

(signature)
Joshua A. Turnidge

## CERTIFICATE OF SERVICE

I CERTIFY THAT ON February 24th 2026, I served the documents as listed below upon the parties hereto by the method indicated below, for case No. 2:25-cv-01435-MO

1. Plaintiff's Motion for summary judgment;
2. Declaration of Joshua A. Turnidge in Support of Plaintiff's Motion for summary judgment.

Service upon the parties by E-Service.

Parties served;

Dylan Hallman #173679
Senior Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
Dylan.hallman@doj.oregon.gov
Of Attorneys for Defendants

Joshua A. Turnidge<br>
Inmate at Law<br>
Sid No.13673172<br>
82911 Beach access Rd.<br>
Umatilla, OR 97882